**WALLING, Adm'r of Wage and Hour Division, U. S. Department of Labor, v. SNELLINGS et al.**

Civil Action 53–O.

District Court, M. D. Alabama, E. D.

Sept. 12, 1942.

Warner W. Gardner, Roy C. Frank, and William A. Lowe, all of Washington, D. C., and F. Marshall Neilson, of Birmingham, Ala., for plaintiff.

Nim D. Denson, of Opelika, Ala., and Roy L. Smith, of Phenix City, Ala., for defendants.

CHARLES B. KENNAMER, District Judge.

This cause coming on to be heard on trial of the issues presented by the complaint and answer, evidence having been taken and arguments of counsel having been considered, the court makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. Defendants as co-partners are engaged in the production and sale of lumber and other building materials and in a general contracting business at Phenix City, Alabama.

2. Defendants employ, and have employed since October 24, 1938, approximately 16 employees (exclusive of those engaged solely in constructing buildings, the condition of whose employment not being the subject matter of this suit), engaged in operating a dry kiln, planer mill, and other machinery for the production of finished lumber and mill work.

3. The defendants purchase large quantities of lumber, 75% of which is purchased rough and green. They operate a yard for air drying, a dry kiln, a planer mill, and a woodwork shop for manufacturing doors, door frames, window frames, molding, cabinets, and other types of mill work. Varied and expensive machinery is used in this connection. Most of defendants' employees who work at their plant at Phenix City, Alabama, are engaged in operation of the said yard, dry kiln, planer mill, and woodwork shop, and the others are engaged at the Phenix City location doing work necessary to that production. Of the lumber brought rough and green, 85% is manufactured into dried planed lumber or mill work. The defendants also deal in other building materials which are warehoused at the establishment.

4. At the same establishment the defendants engage in a general contracting business, contracting and planning for the construction of houses and other buildings in Alabama and Georgia.

5. There was no segregation at defendants' plant of goods handled or manufactured solely for use or sale within the State of Alabama. Defendants' employees at their plant in Phenix City worked interchangeably on goods handled or manufactured for use or sale in Alabama and goods handled or manufactured for use or sale outside the State of Alabama. All of defendants' employees, save those engaged exclusively in construction activities, have regularly spent a substantial portion of their time each workweek in handling or working on goods that were shipped out of the State of Alabama, both for defendants' uses in their construction activities and to supply defendants' other customers.

6. Since the effective date of the Act continuously to the date of trial, substantial amounts of the goods manufactured or dealt in by the defendants have been shipped from points in the State of Alabama to points in other states. During each complete six months' period from January 1, 1939, to the date of trial, except the period from July 1, 1939, through December 31, 1939, more than half of the goods manufactured or dealt in by the defendants have been shipped from points in the State of Alabama to points in other states, both for defendant's use in their construction activities and to supply defendants' other customers.

7. A substantial portion of the goods handled and manufactured by the defendants were used by them, both in Alabama and Georgia, in their construction activities, principally in the construction of houses, some of which were built on contract with the prospective purchaser, and others of which were built on a speculative basis for subsequent sale. A substantial portion of the goods manufactured by the defendants were sold to others who purchased them for the purpose of reselling them. The remainder of defendants' sales were made to other contractors and to individuals for their own use.

8. The court judicially notices the record-keeping regulations promulgated by the Administrator of the Wage and Hour Division pursuant to Section 11(c) of the Fair Labor Standards Act of 1938, 29 U.S. C.A. § 211(c), which are Title 29, Chapter V, Part 516, of the Code of Federal Regulations.

9. The court judicially notices the Wage Order for the Lumber and Timber Products Industry promulgated under Section 8 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 208, which is Title 29, Chapter V, Part 610 of the Code of Federal Regulations.

10. All of defendants' employees engaged on or about the defendants' establishment were engaged in the lumber and timber products industry, except those exclusively engaged in clerical, maintenance, shipping, selling, and construction occupations, as defined in the said Wage Order.

11. Repeatedly from October 24, 1938, to the time of trial, defendants failed to pay the minimum wage required by Section 6 (a) (1), (2), and (4) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 206 (a) (1, 2, 4), to many of their employees employed in or about their establishment engaged in manufacturing and distributing lumber and building materials and in processes necessary to such production.

12. Repeatedly from October 24, 1938, to the time of trial, defendants employed many of their employees engaged in manufacturing lumber and building materials and in

processes necessary to such productions in excess of 44 hours from October 24, 1938, through October 23, 1939; in excess of 42 hours from October 24, 1939, through October 23, 1940; and in excess of 40 hours thereafter until the time of trial without paying them one and one-half times their regular rate of pay for such excess hours.

13. Repeatedly since October 24, 1938, defendants have shipped from points in the State of Alabama to points in the State of Georgia goods produced by employees employed as described in paragraphs 11 and 12 hereof.

14. Defendants have continuously since October 24, 1938, until the time of trial, failed to keep records in form and manner as required by the regulations referred to in paragraph 8 hereof.

15. The records which have been kept by the defendants relating to wages and hours and other conditions have in several instances been false in material respects in that they have failed to credit certain employees with all of their hours of work.

### Conclusions of Law

1. All of defendants' employees, except those engaged exclusively in construction work, have been, since October 24, 1938, and up until the time of trial, during their respective periods of employment, engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938.

2. Defendants who were engaged exclusively in constructing buildings were not engaged in interstate commerce or in the production of goods for interstate commerce.

3. Defendants' employees who engaged exclusively in driving trucks were exempt from the provisions contained in Section 7(a) of the Act by reason of Section 13(b) (1) of the Act, 29 U.S.C.A. §§ 207(a), 213(b) (1).

4. By reason of the extent and character of the manufacturing operations carried on at defendants' plant, it is not entitled to exemption as a retail or service establishment within the meaning of Section 13(a) (2) of the Act.

5. The defendants have repeatedly violated Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206, 207, 211 and 215, from October 24, 1938, until the time of the trial.

6. Under Section 17 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 217, an injunction should issue to prohibit further violations of Section 15 thereof.